Per Curiam.
It seems that Gillespie, claimed the right to subject certain negroes in possession of, and claimed by, Nancy Jenkins, to an execution in his favor against one Whittington, on the ground of a liability which had attached before the said Nancy acquired title.
In order to settle the matter amicably, the parties agreed to *34 submit it to the arbitrament of seven persons, and accordingly all signed an agreement for that purpose, in which it was also agreed that it should be made a rule of court, on which judgment should be entered according to the award.
Subsequently it was agreed in writing, signed only by William Jenkins and Gillespie, that five persons should act instead of seven, a majority of whom should be authorized to make the award, and accordingly an award was made by three, two dissenting.
Nancy Jenkins was not a party to this last agreement, unless she is bound by the assent of her attorney at law, James M. Smiley,1 who states that he was attorney for Nancy Jenkins, and assente.d to the modification of the submission; and the question is, whether Nancy Jenkins is bound by the award.
The general doctrine is that an attorney who is employed in a suit, may submit the matter in dispute to arbitration, because he may do anything, by the implied assent of the client arising from his employment in the suit which the court may approve in the progress of the cause. Kyd on Awards, 27. The reason of the rule shows its limit. There must be a cause pending which the attorney is employed to manage. This was a submission made under the statute, when no suit was pending. In such cases the matter is not necessarily placed in the hands of an attorney. It is out of the line of his appropriate duty, and to make such a submission binding, he should have express authority. Smiley does not say that he had any such authority. But admitting that an attorney has in general power to submit, has he power to change the terms of submission made by the parties ? That is changing their contract. Smiley, does not say whether he was employed before or after submission; or to what extent his authority went. Under such circumstances, we think it would be going too far to say that his assent to the change was binding on his client.
Judgment reversed.